**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JAMES HOLSEY, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:10-CV-25 (CDL) |
| | : | 28 U.S.C. § 2254 |
| DANNY THOMPSON, Warden. | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On January 29, 2003, Petitioner Holsey, who is currently incarcerated at the Calhoun State Prison in Morgan, Georgia, was convicted following a jury trial in the Muscogee County Superior Court of malice murder, two counts of felony murder, aggravated assault, kidnaping, possession of firearm during the commission of a crime, and possession of a firearm by a convicted felon. (R-1). He was thereafter sentenced to a total term of imprisonment of life plus twenty-five years. *Id*.

Petitioner filed a direct appeal to the Georgia Supreme Court, wherein his convictions were affirmed on October 30, 2006. *Holsey v. State*, 281 Ga. 177 (2006). On November 21, 2007, Petitioner filed a state habeas petition in the Calhoun County Superior Court, which, after two hearings, was ultimately denied on May 4, 2009. (R-1, p.3). Petitioner's certificate of probable cause to appeal was thereafter denied by the Georgia Supreme Court on February 1, 2010. (R-6-2, Ex. 3). On February 23, 2010, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-1). Respondent filed his Answer-Response on May 17, 2010. (R-6).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Habeas Claims

In his application for habeas corpus relief, Petitioner cites seven claims of error.

3

## I. Procedurally Defaulted Claim

**Ground One: The Lower State Court erred in failing to conduct a hearing [nor] substitute appellate counsel on Petitioner's request and motion.**

A review of the record reveals that Petitioner raised this issue his state habeas petition, but failed to raise it during his trial or on direct appeal. (R-6-2; Ex. 2, p. 4). The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga. Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold [Petitioner's] claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998). In this case, the state habeas court found that this claim was procedurally defaulted pursuant to O.C.G.A. § 9-14-48(d), where Petitioner failed to raise the issue at trial and on direct appeal which would have preserved them for review. (R-9-2; Ex. 2, p. 4). Inasmuch as Petitioner's claim is legally barred in the State court for not having been timely raised there, by the foregoing federal authority, it is likewise barred from consideration in this court.

Furthermore, In *Pope v. Rich,* 358 F.3d 852 (11th Cir. 2004), the Eleventh Circuit Court of Appeals held that Georgia prisoners are *required* to seek a certificate of probable cause from the state superior court upon the denial of a state habeas petition cause within 30 days of the denial of his state habeas petition in order exhaust state remedies. *Pope v. Rich,* 358 F.3d 852, 853 n.1 (11th Cir. 2004)(emphasis added). In this case, the Georgia Supreme Court determined that it lacked the authority to review Petitioner's certificate of probable cause to appeal the state habeas court's ruling where he filed it outside of the thirty days

allowed for filing. (R-9-2; Exh. 5). Therefore, for the above reasons, Petitioner's claim in Ground One is procedurally barred from review in this court.

II. **"Lower Court" Errors**

**Ground Two: The Lower Court erred in rendering harmless the trial court's ruling that the defense had to first introduce a state witness statement for impeachment purposes.**

**Ground Three: The Lower State Court erred in rendering harmless the trial court's failure to properly instruct the jury as to Petitioner's prior conviction of possession.**

In Grounds Two and Three, Petitioner alleges error on the part of the Georgia Supreme Court regarding rulings made by the trial court. (R-1, p. 5). The United States Supreme Court has held that questions of pure state law do not raise issues of constitutional dimension cognizable for federal habeas review. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). In his federal petition for habeas relief, Petitioner merely alleges that the "lower court" erred in finding that rulings made by the trial court were harmless. The issue raised is one of state law and contains no issue of constitutional effect. He fails to allege any federal question regarding this claim. Thus, Counts Two and Three of Petitioner's complaint fail to provide a basis for relief in this court.

III. **State Habeas Court Errors**

**Ground Four: The Lower State Court erred in denying Petitioner's claim for relief that the habeas court Judge Cato erred in failing to recuse himself from the habeas proceeding**.

**Ground Five: The Lower State Court erred in denying Petitioner's claim for**

relief that the habeas court Judge Cato, the Clerk, and Respondent, Mr. Mark Gilbert, committed the act of conspiracy and perjury to deny the Petitioner a full and fundamentally fair evidentiary hearing.

**Ground Six: The Lower State Court erred in denying Petitioner's claim for relief that he received ineffective assistance of counsel on appeal, in that counsel failed to enumerate as error on appeal, to wit:**

> **(A)** The trial court erred in denying Petitioner's Motion to Quash/General Demurrer to the Indictment;
>
> **(B)** The trial court erred in finding Petitioner's alleged in custody statement freely and voluntarily given;
>
> **(C)** The trial court erred in failing to allow trial counsel a throughly and sifting cross-examination of a key witness;
>
> **(D)** The trial court erred in allowing the prosecutor to present bad character evidence of Petitioner over objection;
>
> **(E)** The trial court erred in failing to address the jurors concerning irregular jury misconduct as the trial court found the juror possessed a newspaper article in the jury room;
>
> **(F)** The trial court erred in holding an in-chambers hearing without the Petitioner being present at such critical state of Petitioner's trial;
>
> **(G)** The trial court erred in failing to give the Petitioner's written requests to charge the jury;
>
> **(H)** The trial court erred in re-sentencing Petitioner to kidnapping following the trial court's incomplete kidnapping with bodily injury as charged by the Indictment;
>
> **(I)** Trial counsel failed to thoroughly investigate the case, familiarize himself with the relevant facts and laws, interview witnesses for both the state and defense to pursue a plausible line of defense;
>
> **(J)** Trial counsel failed to adequately prepare, present, and argue the numerous pre-trial motions including the motion to quash/demurrer to the indictment, and present the physically impossible evidence during the Jackson v. Denno hearing;
>
> **(K)** Trial counsel failed to utilize the contents of discovery to present exculpatory and impeaching evidence when conducting cross-examination of the state's witness;

> **(L) Trial counsel failed to object to several instances of prosecutorial misconduct including the presentation of Detective Byrd's perjured testimony on a material matter of Petitioner's statement, and improper opening/closing arguments;**
>
> **(M) Trial counsel failed to object to irregular juror misconduct upon finding a juror possessed a newspaper article in the jury room;**
>
> **(N) Trial counsel failed to establish Petitioner's presence during all critical stages of Petitioner's trial including an in-chambers hearing;**
>
> **(O) Trial counsel failed to adequately prepare Petitioner for his testimony at trial.**
>
> **Ground Seven: The Lower State Court erred in never addressing Petitioner's claim that the evidence was insufficient to show asportation element of kidnapping , in which Petitioner was convicted under current laws.**

In Grounds Four through Seven, Petitioner alleges error on the part of the state habeas court. The Eleventh Circuit Court of Appeals has held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, that Court reasoned:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a

collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Because the Petitioner is not challenging his conviction *per se*, but is challenging numerous errors he contends the state habeas judge made in denying him the relief he sought, it is an attack on a proceeding merely collateral to his conviction. Thus, Counts Four through Seven, wherein Petitioner claims that the state habeas judge committed various errors in denying him habeas relief, are not cognizable in this court under 28 U.S.C. § 2254. The Petitioner is not entitled to relief on these claims.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 23rd day of June, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw