IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES HOLSEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-25 (CDL) |
| | : | 28 U.S.C. § 2254 |
| DANNY THOMPSON, Warden | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This case is on a partial remand from Petitioner's appeal of the denial of his petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 29.) On May 13, 2012, the Eleventh Circuit remanded this case for further evaluation of one of Petitioner's claims and affirmed the denial of the other claims. *Holsey v. Thompson,* 462 F. App'x 915 (11th Cir. 2012). For the reasons set out below, Petitioner is not entitled to the relief he seeks.

## PROCEDURAL HISTORY

On January 29, 2003, Petitioner Holsey, who is currently incarcerated at the Calhoun State Prison in Morgan, Georgia, was convicted following a jury trial in the Muscogee County Superior Court of malice murder, two counts of felony murder, aggravated assault, kidnaping, possession of firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Pet'r's Pet. 1; ECF No. 1.) He was thereafter sentenced to a total term of imprisonment of life plus twenty-five years. *Id.*

Petitioner filed a direct appeal to the Georgia Supreme Court, wherein his

convictions were affirmed on October 30, 2006. *Holsey v. State*, 281 Ga. 177 (2006). On November 21, 2007, Petitioner filed a state habeas petition in the Calhoun County Superior Court, which, after two hearings, was ultimately denied on May 4, 2009. (Pet. 3) Petitioner's certificate of probable cause to appeal was thereafter denied by the Georgia Supreme Court on February 1, 2010. (Resp't's Resp. Ex. 3; ECF No. 6.) On February 23, 2010, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (Pet'r's Pet. 1.) Respondent filed his Answer-Response on May 17, 2010. (Resp't's Resp. 6).

After the partial remand by the Eleventh Circuit, Petitioner filed a brief supporting his original claims regarding the ineffective assistance of his appellate counsel on July 23, 2012. (Pet'r's Br. 1; ECF No. 31.) The Respondent thereafter filed his response on December 7, 2012. (ECF No. 34.) This case is now ripe for review.

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of

>habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>   (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>       (A) the claim relies on –
>       (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>       (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U.S. 362 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

>In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
>(1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
>(2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application"

3

> clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 413. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 408. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410.

## PETITIONER'S CLAIM

In the only claim remaining in this case, Petitioner contended in Ground Six of his original petition that the state habeas court erred in denying Petitioner's claim for relief that he received ineffective assistance of counsel on appeal, in that counsel failed to enumerate as error on appeal the following:

> (A) The trial court erred in denying Petitioner's Motion to Quash/General Demurrer to the Indictment;
> (B) The trial court erred in finding Petitioner's alleged in custody statement freely and voluntarily given;
> (C) The trial court erred in failing to allow trial counsel a thorough and sifting cross-examination of a key witness;
> (D) The trial court erred in allowing the prosecutor to present bad character evidence of Petitioner over objection;
> (E) The trial court erred in failing to address the jurors concerning irregular

jury misconduct as the trial court found the juror possessed a newspaper article in the jury room;

(F) The trial court erred in holding an in-chambers hearing without the Petitioner being present at such critical state of Petitioner's trial;

(G) The trial court erred in failing to give the Petitioner's written requests to charge the jury;

(H) The trial court erred in re-sentencing Petitioner to kidnapping following the trial court's incomplete kidnapping with bodily injury as charged by the Indictment;

(I) Trial counsel failed to thoroughly investigate the case, familiarize himself with the relevant facts and laws, interview witnesses for both the state and defense to pursue a plausible line of defense;

(J) Trial counsel failed to adequately prepare, present, and argue the numerous pre-trial motions including the motion to quash/demurrer to the indictment, and present the physically impossible evidence during the *Jackson v. Denno* hearing;

(K) Trial counsel failed to utilize the contents of discovery to present exculpatory and impeaching evidence when conducting cross-examination of the state's witness;

(L) Trial counsel failed to object to several instances of prosecutorial misconduct including the presentation of Detective Byrd's perjured testimony on a material matter of Petitioner's statement, and improper opening/closing arguments;

(M) Trial counsel failed to object to irregular juror misconduct upon finding a juror possessed a newspaper article in the jury room;

(N) Trial counsel failed to establish Petitioner's presence during all critical stages of Petitioner's trial including an in-chambers hearing;

(O) Trial counsel failed to adequately prepare Petitioner for his testimony at trial.

(Pet'r's Pet. 7; Pet'r's Br. 8, 9.)

The standard for determining whether a petitioner's trial counsel was ineffective was laid out in *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* holds that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the

Defendant's case. *Strickland,* 466 U.S. at 694. The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to a petitioner's first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-397 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See Burger v. Kemp*, 483 U.S. 776 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also Early v. Packer*, 537 U.S. 3,

7 (2002). The Eleventh Circuit recently held that

> Under the "contrary to" clause, we consider whether the "state court arrived at a conclusion opposite to that reached by" the Supreme Court or "decide[d] a case differently than th[e] Court has on a set of materially indistinguishable facts." Under the "unreasonable application" prong, we consider whether the state court identified the correct legal rule from Supreme Court case law but unreasonably applied that rule to the facts before it, or whether "a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Clearly established federal law refers to holdings of the Supreme Court as of the time of the state court decision at issue. It does not extend to dicta or the decisions of lower federal courts.

*Sargent v. Sect'y Fl. Dep't. of Corr.* 480 F. App'x 523, **5 (11th Cir. 2012) (internal citations omitted). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Cullen v. Pinholster,* --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of his appellate counsel. The record reveals that the Calhoun County Superior Court, wherein Petitioner raised the same claims during his state habeas proceedings, found that Petitioner's claims regarding ineffective assistance of his appellate counsel provided him no basis for relief. (Resp't's Exh. 2; ECF No. 7-2.) More precisely, the state habeas court determined that Petitioner's claims regarding the failure of his appellate counsel to raise the specific issues cited by Petitioner in his petition did not provide him any relief because Petitioner failed to establish that counsel's failure to raise the issues was unreasonable or caused any prejudice to Petitioner's case.

(*Id.* at 5-7.)  The state habeas court further determined with regard to the claims that Petitioner's appellate counsel was not ineffective and that Petitioner failed to show that his counsel's actions violated the *Strickland* standard.

The Eleventh Circuit has recently held that "[f]or a state prisoner to meet § 2254(d)'s highly deferential standard, he "must show that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents—that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Walker v. Secretary, Fla. Dep't. of Corr.*, 2012 WL 5328530, *2 (11th Cir. 2012) (alterations and quotation marks omitted).  A thorough review of each claim, along with Petitioner's brief and Respondent's response, fails to reveal any error by the state habeas court.  Petitioner, who has the burden, has not shown that the state habeas court's decision was contrary to or an unreasonable application of the law.  Specifically, in none of his ineffective assistance of counsel claims did Petitioner establish that the state habeas court either arrived at a conclusion opposite to that reached by the Supreme Court or decided a case differently than the Court had on a set of materially indistinguishable facts, nor did he demonstrate that the state habeas court identified a correct legal rule from Supreme Court case law but unreasonably applied that rule to the facts before it, as is required by *Sargent*.  *Sargent,* 480 F. App'x at **5. Thus, the state habeas court's decision warrants deference and Petitioner's claims should fail.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 21st day of March, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE